IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JON L. WILLIAMS,

        Plaintiff,

v.

JACKSON COUNTY; ERIC HOFSTAD, personally,

        Defendants.

Civ. No. 1:13-cv-1190-CL

REPORT AND RECOMMENDATION

CLARKE, Magistrate Judge.

This matter comes before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted (#13). Plaintiff has not filed a response. For the reasons stated below, the court recommends that defendant's motion be GRANTED.

## BACKGROUND

Plaintiff Jon Williams ("plaintiff") filed this action on July 15, 2013, alleging he was injured on or about July 16, 2011, while he was an inmate in the Jackson County Jail. The complaint alleges a violation of 42 U.S.C. § 1983 for use of excessive force, and also asserts state law claims of negligent hiring[1] and battery. Defendants now move to dismiss plaintiff's

---

[1] Plaintiff's complaint alleges negligence against "the City" for its hiring practices; however, no city is named as a defendant in this action or otherwise discussed in the complaint. The court thus assumes that plaintiff intended to allege his negligence claim against Jackson County.

Page 1 – REPORT AND RECOMMENDATION

negligent hiring claim, arguing that it fails to satisfy the pleading standard of Federal Rule 12(b)(6). This court has jurisdiction over plaintiff's federal claim pursuant to 28 U.S.C. §§ 1331 and 1343, and over his state law claims pursuant to 28 U.S.C. § 1367.

## LEGAL STANDARD

Under FED. R. CIV. P 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). In answering this question, the court must assume that the plaintiffs' allegations are true and must draw all reasonable inferences in the plaintiffs' favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). A complaint need not make "detailed factual allegations," however, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 - 556 (2007). To survive a motion to dismiss under FED. R. CIV. P 12(b)(6), plaintiffs must allege sufficient facts to "raise a right to relief above the speculative level." *Id.* at 555. That is, plaintiffs must show that their claims are not merely conceivable, but plausible. *Id.* at 570; *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

## DISCUSSION

The court finds that plaintiff fails to allege any facts that, taken as true, make out a claim of negligent hiring. Plaintiff's negligent hiring claim merely sets out legal conclusions unsupported by any factual allegations. *See* Compl., ¶¶ 16-19. Because the Complaint fails to meet the standard set forth in *Iqbal* and *Twombly*, plaintiff's negligence claim should be dismissed.

## RECOMMENDATION

The court finds that plaintiff's negligent hiring claim fails to meet the federal pleading standard and therefore recommends that defendants' motion to dismiss (#13) be GRANTED. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due 14 days from today's date. If objections are filed, any response to the objections is due 14 days from the date of the objection. *See* FED. R. CIV. P. 72, 6.

DATED this 15 day of January, 2014.

_____
MARK D. CLARKE
United States Magistrate Judge