IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JON L. WILLIAMS, | Civ. No. 1:13-cv-01190-CL |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| JACKSON COUNTY and ERIC HOFSTAD, | |
| Defendants. | |

CLARKE, Magistrate Judge.

Plaintiff Jon Williams ("Plaintiff") brings this action against Jackson County (the "County") and Deputy Eric Hofstad ("Dep. Hofstad") (collectively, "Defendants) for injuries he allegedly sustained while detained in the County Jail. Plaintiff's Complaint (#1) asserts claims of excessive force, battery, and negligence. In February 2014, the Court granted (#18) Defendant's unopposed motion to dismiss Plaintiff's negligence claim.

Currently before the Court is Plaintiff's motion (#27) for summary judgment. The motion's scope is unclear. It contradictorily states "plaintiff Jon Williams hereby moves the Court for *partial* summary judgment as to liability on *all* his claims." Pl.'s Mot., at 1 (emphasis added). In addition, it asks the Court to rule in Plaintiff's favor on the dismissed negligence claim. Pl.'s Mot., at 1. To remedy this confusion, the Court assumes Plaintiff's motion applies to all claims properly before the Court: Plaintiff's claims of excessive force and battery. Because genuine issues of fact remain on these two claims, the Court recommends that Plaintiff's motion (#27) be DENIED.

## FACTUAL BACKGROUND

On July 16, 2011, Plaintiff was lodged in the County Jail. Berman Decl. Ex. 2, at 1. Plaintiff was highly intoxicated. Berman Decl. Ex. 2, at 1. Five officers participated in the lodging because Plaintiff was announced as uncooperative. Berman Decl. Ex. 2, at 3; Video. The officers escorted Plaintiff into the jail's receiving vestibule. Berman Decl. Ex. 2, at 3. A camera in the vestibule recorded the events that occurred therein. Video. It did not capture audio.

Plaintiff's hands were cuffed behind his back. Video 2:11. Two officers turned Plaintiff to face the wall and commenced a pat search. Berman Decl. Ex. 2, at 3. The other three officers watched from a few feet away. Video 2:19. During the search, Plaintiff looked from his left to right at the searching two officers and spoke to them. Video 3:34-52. Plaintiff turned his head to the right and addressed one of the officers while the other held his arms behind his back. Video 3:36-52. Next, the two searching officers and one of the officers who had been standing in the background pushed Plaintiff against the wall. Video 3:52-4:14. The Court assumes the non-searching officer who became physically involved is Dep. Hofstad because his actions on the video generally align with his incident report. Dep. Hofstad spoke forcefully in close proximity

to Plaintiff's ear. Video 3:52-4:14. The officers loosened their hold on Plaintiff and began to turn him slightly away from the wall. Video 4:14-17 Plaintiff moved his head from side to side, looking at the officers. Video 4:20-26. He then seemed to bend over, pushing his rear end into Dep. Hofstad. Video 4:23-26. Dep. Hofstand thrust his right arm forward into the back of Plaintiff's head, and pushed Plaintiff's face into the wall. Video 4:28-30. He then pulled Plaintiff down to the ground. Video 4:28-32. The officers completed their search of Plaintiff on the ground. Berman Decl. Ex. 2, at 3. Plaintiff was escorted out of the vestibule and placed in a restraint chair, where he remained confined for just under two hours. Williams Decl. ¶ 5; Berman Decl. Ex. 2, at 1, 3.

The following facts are in dispute. Defendants say Plaintiff was loud, uncooperative, and argumentative. Berman Decl. Ex. 2, at 1. While the officers were patting Plaintiff down, one of them officers asked Plaintiff if he had any piercings that were not visible. Berman Decl. Ex. 2, at 3. According to Defendants' incident report, in response to the officer's question, Plaintiff turned away from the wall of the vestibule and yelled "Do you have any piercings?" Berman Decl. Ex. 2, at 3. The officers turned Plaintiff back toward the wall and told him to continue facing it. Berman Decl. Ex. 2, at 3. Dep. Hofstad instructed Plaintiff to answer the officer's questions. Berman Decl. Ex. 2, at 3. Williams began to turn away from the wall again. Berman Decl. Ex. 2, at 3. Dep. Hofstad attempted to push Williams against the wall and Plaintiff resisted. Berman Decl. Ex. 2, at 3. Dep. Hofstad grabbed Plaintiff and, with the assistance of the other officers, forced him to the floor. Berman Decl. Ex. 2, at 3. Defendant's incident report states Plaintiff suffered an abrasion on his cheek and a swollen upper lip. Berman Decl. Ex. 2, at 1.

Plaintiff maintains that he was not disruptive, violent, or threatening. Williams Decl. ¶ 4. He explains, "I merely asked the deputy about his piercings and I was thrust into the wall and

taken to the ground." Williams Decl. ¶ 4. As a result, Plaintiff asserts he was knocked unconscious and sustained injuries to his head, knee, wrists, and hands. Williams Decl. ¶ 6.

## LEGAL STANDARD

Summary judgment is appropriate if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the moving party fulfills its burden, the burden shifts to the non-moving party who must go beyond the pleadings to identify genuine issues of fact. *Celotex Corp.*, 477 U.S. at 324. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by FED. R. CIV. P. 56, designate specific facts that show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076.

The court must view the evidence in the light most favorable to the nonmoving party. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). All reasonable doubt as to the existence of a genuine dispute of material fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North America*, 638 F.2d 136, 140 (9th Cir. 1981). However, facts must be "viewed in the light most favorable to the

nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

### I. Excessive Force

Plaintiff moves for summary judgment on his claim that Dep. Hofstad used excessive force against him in violation of his Fourth Amendment right to be secure against unreasonable seizures. U.S. CONST. amend. IV. In evaluating a claim of excessive force, the critical question "is whether the use of force was 'objectively reasonable in light of the facts and circumstances confronting' the . . . officer[]." *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). Courts analyze the reasonableness of the force used by "careful[ly] balancing . . . the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)).

Because this requisite balancing act is fact-specific in nature, summary judgment is rarely granted for excessive force claims. Whether a law enforcement officer was reasonable in applying force is typically a question best answered by the jury. *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002) ("Because such balancing nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly."); *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("Because questions of reasonableness are not well-suited to precise legal determination, the propriety of a particular use

of force is generally an issue for the jury.") Excessive force cases "almost always turn on a jury's credibility determinations." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005). This case is no different. Facts central to the objective reasonableness inquiry are clearly in dispute. While the video of the altercation clearly demonstrates that the officers used force against Plaintiff, it does not definitively answer many issues material to the reasonableness inquiry including whether Plaintiff physically resisted the officers, the degree of force employed by the officers, and the severity of Plaintiff's resulting injuries. Moreover, the parties' different renditions of the facts raise questions of credibility. These issues are properly resolved only by the factfinder. The Court should not grant summary judgment on this claim.

## II. Battery

Under Oregon law, a law enforcement officer is authorized to use force reasonably necessary under the circumstances to fulfill his lawful professional duties. *See Ballard v. City of Albany*, 221 Or.App. 630, 640-41 (2008); *Gigler v. City of Klamath Falls*, 21 Or.App. 753, 763 (1975). As such, "the success of a plaintiff's . . . battery claim[ ] is contingent upon whether the use of force was excessive under the Fourth Amendment." *Price v. City of Sutherlin*, 945 F.Supp.2d 1147, 1157 (D. Or. 2013) (citing *Ballard*, 221 Or.App. at 640-41). Here, the parties present conflicting accounts of their physical altercation. Factual questions remain regarding whether Dep. Hofstad's use of force was reasonable under the circumstances. Accordingly, summary judgment is not appropriate.

/ / /

/ / /

/ / /

/ / /

## RECOMMENDATION

Because the record does not establish that Plaintiff is entitled to judgment as a matter of law on any of his claims, the Court should DENY Plaintiff's motion (#27) for summary judgment.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of December 2014.

MARK D. CLARKE
United States Magistrate Judge