IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JON L. WILLIAMS,

    Plaintiff,

v.

ERIC HOFSTAD,

    Defendant.

Case No. 1:13-cv-01190-MC

OPINION AND ORDER

MCSHANE, Judge:

After a jury verdict for defendant Eric Hofstad, plaintiff Jon Williams moves for a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A). ECF No. 90. Williams alleged Hofstad violated his Fourth Amendment rights by using excessive force in the course of his arrest. Williams also alleged battery based on the same circumstances. For the reasons stated below, Williams's motion for a new trial is DENIED.

## STANDARD OF REVIEW

Under rule 59, a trial court may order a new trial only if the jury's verdict was against the clear weight of the evidence, was based on false evidence, or presents a miscarriage of justice. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (internal citation omitted). This Court may review the evidence and assess the credibility of witnesses, and it need not view the evidence from the perspective most favorable to the prevailing party. *Landes Constr. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987). The Court will grant a motion for a

1 – OPINION AND ORDER

new trial on the grounds that the jury verdict was against the clear weight of the evidence only if the "jury has reached a seriously erroneous result." *EEOC v. Pape Lift, Inc.*, 115 F.3d. 676, 680 (9th Cir. 1997) (quoting *Venegas v. Wagner*, 831 F.2d 1514, 1519 (9th Cir. 1987)). "A jury verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002).

## DISCUSSION

Williams argues that the evidence contained in the closed-circuit video recording, the testimonial and photographic evidence of Williams's injuries, and the lack of admissible evidence justifying the use of force incontrovertibly shows that the clear weight of the evidence is against the jury verdict. Hofstad argues that the video evidence is not incontrovertible, and that testimonial and documentary evidence detailing Williams's intoxicated and uncooperative state were enough for the jury to conclude that Williams did not carry his burden of proof by a preponderance of the evidence.

In Fourth Amendment claims, the jury must analyze the defendant's forceful actions under the objectively reasonable standard articulated in *Graham v. Connor*, 490 US 386, 396-99 (U.S. 1989). "The question is not simply whether the force was necessary to accomplish a legitimate police objective; it is whether the force used was reasonable in light of *all* the relevant circumstances." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (quoting *Hammer v. Gross*, 932 F.2d 842, 846 (9th Cir. 1991) (emphasis in original)). Excessive force cases almost always turn on a jury's credibility determinations. *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002).

Here, the parties presented two different interpretations of the evidence. Williams contends that the video evidence shows that the officers responded to Williams's "cheeky" comments about an officer's tattoos and piercings, ECF No. 28, 8, through an excessively forceful takedown resulting in a broken temporary crown and unconsciousness, ECF No. 61, 1-2. Hofstad claims that Williams was highly intoxicated and uncooperative, and that he refused to cooperate with the officers, screamed at the deputies, and physically resisted attempts to keep him facing the wall during a pat-down search. ECF No. 79, 2. For Hofstad, Williams's actions made the use of force objectively reasonable in light of the split-second in which he and his fellow officers had to make a decision. The jury found that Williams did not prove, by a preponderance of the evidence, that Hofstad used excessive force under these circumstances ECF No. 83.

Sufficient evidence presented at trial supported the jury's finding that Hofstad acted reasonably under the circumstances. There was certainly evidence that Williams was uncooperative. That Williams testified to being a perfect gentleman in calmly and politely responding to the questions of the officers did not mean the jury had to disregard the testimony of the officers stating otherwise. Additionally, there were different ways to view the video footage. While one could view the video as a textbook example of an officer overacting to a harmless (albeit drunk) arrestee, another could see unlucky officers having to make split-second decisions while dealing with a large, uncooperative and highly intoxicated arrestee rapidly becoming even more agitated and confrontational.

This case turned on credibility and how the jury viewed the video footage. Williams's testimony regarding the events at the bar, in which he claimed to see no reason to leave his drink to talk to the officers waiting outside was, quite simply, unbelievable. In short, the extensive use

3 – OPINION AND ORDER

of video footage, in addition to the witness testimony, gave the jury more than sufficient information from which it could formulate a verdict. *Forrester v. City of San Diego*, 25 F.3d 804, 807 (9th Cir. 1994).

Interpreting evidence and evaluating witness credibility compromise the paradigmatic role a jury plays in American jurisprudence. Here, the jury was presented with two different interpretations of the same video, as well as competing testimony from multiple witnesses to the events and its aftermath. The jury found for Hofstad after interpreting the evidence and evaluating witness credibility. The jury's verdict, while it was based on evidence that could have been interpreted differently, must be upheld as it was based on substantial evidence. *Pavao*, 307 F.3d at 918.

## CONCLUSION

Williams's motion for a new trial, ECF No. 90, is DENIED.

IT IS SO ORDERED

DATED this 9 day of July, 2015

                                                               Michael McShane
                                                               United States District Judge